**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4081**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

BROCK BRIAN BEEMAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Roderick Charles Young, District Judge.  (2:20-cr-00056-RCY-DEM-1)

Submitted:  June 29, 2023                    Decided:  July 12, 2023

Before KING and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** William J. Dinkin, WILLIAM J. DINKIN, PLC, Richmond, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Elizabeth M. Yusi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brock Brian Beeman appeals his conviction and 60-month sentence imposed pursuant to his guilty plea to interstate communication with intent to injure. On appeal, Beeman challenges the denial of his motion to withdraw his guilty plea and asserts that the Government violated Fed. R. Crim. P. 32 at sentencing. The Government has filed a motion to dismiss on the basis of Beeman's waiver in his plea agreement. We grant the motion in part and dismiss Beeman's appeal from his sentence. We affirm his conviction.

We review de novo the validity of an appeal waiver and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "[T]he issue ultimately is evaluated by reference to the totality of the circumstances," considering "the particular facts and circumstances surrounding th[e] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted).

Beeman asserts that his mental health conditions and low intelligence interfered with his ability to enter a knowing and voluntary waiver of his right to appeal. However, at his plea hearing, Beeman admitted that he discussed the plea agreement with his counsel

2

and voluntarily signed it. The court specifically advised Beeman regarding the appeal waiver, and Beeman testified that he understood it. Beeman testified that he was a high school graduate, could read and write, was not on medication, could understand the proceedings, and was able to communicate with his attorney. Moreover, the appeal waiver's terms were clear and unambiguous. Beeman does not make any argument that, even if the plea agreement as a whole was found to be knowing and voluntary, the waiver itself was still invalid. Thus, unless Beeman's plea was unknowing or involuntary, the appeal waiver is valid and enforceable as to matters within its scope.

The language of Beeman's appeal waiver is broad, generally encompassing any challenge to his convictions and any challenge, on any ground, to a sentence within the statutory maximum. The waiver expressly exempts only ineffective assistance of counsel claims determined to be cognizable on direct appeal. However, even a valid waiver will not foreclose appellate review of a criminal judgment "on certain limited grounds." *McCoy*, 895 F.3d at 363 (internal quotation marks omitted). "An appeal waiver will not bar appellate review where a plea-withdrawal motion incorporates a *colorable* claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by constitutional error." *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (internal quotation marks omitted).

We find that Beeman's claim that the district court did not appropriately consider his low intelligence and mental health conditions in finding that his plea was knowing and voluntary falls within the compass of these narrow exceptions. While the challenges Beeman raises to the plea-withdrawal proceedings do not rely on claims of ineffective

3

assistance of counsel,[1] his assertions that he was not able to understand the proceedings or appropriately communicate with counsel, if found to be true, would call into question the knowing and voluntary nature of the plea. Accordingly, we deny the motion to dismiss with regard to Beeman's challenge to the denial of his motion to withdraw his plea, and we consider the claim on the merits.

We review for abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea." *Id.* at 383-84. To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). Beeman argues that the district court erred in denying his motion to withdraw his guilty plea because it failed to consider that the information at the plea hearing was not simplified for him in accordance with the Bureau of Prison's (BOP) recommendations.[2]

---

[1] In his brief on appeal, Beeman challenges only the district court's consideration of his motion to withdraw his plea, which Beeman litigated pro se. Beeman does not explicitly challenge the district court's findings at the Rule 11 hearing where Beeman was represented by counsel, presumably because the findings were made prior to the competency evaluation that documented Beeman's low intelligence and history of mental health issues.

[2] After Beeman's guilty plea, the BOP conducted a competency examination and found that Beeman was competent and malingering. However, the BOP noted that, due to certain limitations, Beeman's comprehension of legal information would benefit from a simplified presentation and frequent breaks.

4

In deciding whether to grant a motion to withdraw a guilty plea, the district court typically considers the following six factors announced in *United States v. Moore,* 931 F.2d 245 (4th Cir. 1991) (the "*Moore* factors"):

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384 (citing *Moore*).

After the BOP's examination and especially considering its finding of malingering, we find that the district court was not required to void the plea and hold a new plea hearing with simplified instructions. The record provides no support for the conclusion that Beeman was unable to understand the consequences of his plea absent further simplification. First and foremost, Beeman affirmed at his plea hearing that his plea was voluntary and free of improper outside influence and that he understood the proceedings. Critically, such declarations "carry a strong presumption of verity." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).

Second, the BOP did not conclude that Beeman could not understand his plea absent simplification, and in fact, its finding of competency would undermine such an argument. Third, Beeman made rational pro se arguments following his plea, engaged with counsel and the court at the plea colloquy, responded appropriately, and appeared oriented and mentally present in court. Fourth, Beeman does not specify on appeal which instructions or information were too complex to understand. Finally, the remaining *Moore* factors

5

weighed heavily against permitting withdrawal of the plea, and Beeman does not address any other factors on appeal. Accordingly, the district court did not abuse its discretion in denying Beeman's motion to withdraw his guilty plea. As such, his plea and the waiver within are valid and enforceable.

We find that Beeman's remaining appellate issues invoking Rule 32 fall within the appeal waiver's scope. As such, we find that Beeman's appellate waiver bars his challenges to his sentence, and we thus grant the motion to dismiss with regard to these claims. We deny the remainder of the motion and affirm Beeman's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*